**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SKM RESTAURANTS, INC., | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:19-CV-0588 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JAMES RIVER INSURANCE | : | |
| COMPANY, | : | MARCH 10, 2020 |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 41)**

**I.      INTRODUCTION**

On March 12, 2019, the plaintiff, SKM Restaurants ("SKM") commenced this action in the Connecticut Superior Court.  Pl. LR 56(a)(2) (Doc. No. 38) ¶ 11.  The defendant, James River Insurance Company ("James River"), subsequently removed the action to the United States District Court for the District of Connecticut on April 19, 2019.  Id. ¶ 15.  SKM then filed an Amended Complaint for breach of contract and bad faith denial of insurance coverage in relation to claims made against SKM in an underlying lawsuit.  See Amended Complaint (Doc. No. 17).

On August 15, 2019, James River filed a Motion for Summary Judgment.  In its Motion, James River contended that, because the claims against SKM in the underlying lawsuit are excluded from the policy's coverage, James River has no defense or indemnity obligation.  Specifically, James River argued that the claim in the underlying lawsuit involves an injury caused by the spraying of fake liquid blood from the stage,

1

and that, therefore, the claim fell within the policy's exclusion provision.[1]  Def. Mem. at 12.

On January 30, 2020, the court granted James River's Motion.  See Ruling (Doc. No. 39).  In the Ruling, the court reasoned that, because liquid blood is an "object", and because the injury "arose out of" the spraying of this object from the stage, the claim against SKM in the underlying lawsuit is excluded by the exclusion provision.  See id. at 6–12.

On February 20, 2020, the court received a letter from Brian Phelps ("Phelps"), the president and owner of Toad's Place, a bar owned and operated by SKM and the location of the injury at issue in the underlying complaint.  See Letter Mot. (Doc. No. 41); Pl. LR 56(a)(2) (Doc. No. 38) ¶ 1.  In this letter, Phelps presented the court with the following question: "I read your judgement and I was wondering why you didn't comment on the 'dictionary.com' description of the definition of an 'object.'"  Letter Mot.

---

[1] This exclusion provision provides, in full:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly, in whole or in part, out of the throwing, launching or propelling, by any and all means, of any object or person, including themselves, by any insured, entertainer, participant, stage hand, crew or independent contractor in connection with any performance, event, rehearsal or audition.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Exclusion for Thrown Objects and Persons ("Exclusion Provision"), Ex. A-1 (Doc. No. 35-2) at 67.

Although stylized as a letter, the court will treat Phelps' letter as a motion to reconsider.[2] For the reasons stated below, the court denies Phelps' Motion.

## II.     STANDARD

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(a) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. See Shrader, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

---

[2] The Office of the Secretary of State lists Phelps as the president of SKM; however, it is unclear if Phelps mailed this pro se letter on behalf of SKM, as its president. In an effort to explain the court's reasoning, the court will accept this letter as a communication from the plaintiff, SKM.

## III.  DISCUSSION

SKM has failed to identify any controlling decisions or vital evidence overlooked by the court.  In his letter, Phelps directs this court's attention to dictionary.com, which defines object as "anything that is visible or tangible and relatively stable in form." Dicitonary.com, https://www.dictionary.com/browse/object# (last visited March 4, 2020). In its Memorandum in Opposition, SKM provides this definition without any analysis. See Pl. Mem. (Doc. No. 36) at 9.  SKM then goes on to address two other definitions, one from Merriam Webster, the other from vocabulary.com.  See id at 10.

The court did not overlook SKM's argument on this issue, nor did it overlook the definitions SKM provided.  In its Ruling, the court stated that "SKM fails to direct this court's attention to any authority that defines the word 'object' in a way that would exclude 'fake liquid blood.'"  Ruling at 7.  Although the court explicitly addressed only the latter two definitions provided by SKM, this statement applies with equal force to the dictionary.com definition.

Even if the court had overlooked this definition, it cannot "reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.  That is, the definition from dictionary.com does not change the court's conclusion that fake liquid blood is an "object."  Fake liquid blood is certainly visible and tangible. Furthermore, fake liquid blood is relatively stable form.  By way of illustration, after being sprayed from the stage, the fake liquid blood was relatively stable in form as it likely created a small puddle on the dancefloor of Toad's Place.  Thus, the definition from dictionary.com is consistent with each of the other dictionaries consulted by this court and presented by the parties, all of which demonstrate that fake liquid blood is, indeed, an object.

## IV. CONCLUSION

SKM, through Phelps, has identified no facts "that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257. Instead, he asks this court to revisit arguments that have already been presented before the court. Id. at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."). Phelps therefore fails to satisfy the strict standard, and his Motion is denied.[3]

**SO ORDERED.**

Dated this 10th day of March 2020 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] The court does not intend to address any further correspondence by a non-party, or a person, who is not admitted to practice or who has not filed an appearance, seeking to "represent" the interest of a corporate entity, such as SKM.